# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JESSIE J. MORAN, | 3:12-cv-00492-LRH-WGC |
| Plaintiff, | **REPORT& RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| CHIEF OF POLICE SPARKS, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendants' Motion to Dismiss for Insufficient Service of Process- FRCP 12(b)(5).[1] Plaintiff filed no opposition.

After a thorough review, the court recommends that Defendants' motion be denied without prejudice.

## I. BACKGROUND

Plaintiff Jessie J. Moran is an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4).) The events giving rise to this litigation, however, concern

---

[1] Refers to court's docket number.

1

Plaintiff's underlying arrest. (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C.§ 1983. (*Id.*) Defendants are Keller, Ginchereau, Abdunko, Cleveland, Hopkins, Lieutenant Krall, and the chief of police for the City of Sparks. (Screening Order (Doc. # 3).)[2]

Plaintiff alleges that on April 7, 2012, he was arrested by defendants Keller, Ginchereau, Abdunko, Cleveland, and Hopkins, all City of Sparks police officers. He contends Defendants beat him so severely that his neck was broken and he was hospitalized for reconstructive surgery. He claims that he absconded from the hospital, but when he was captured again, the same officers severely beat him again. Plaintiff also named as defendants Lieutenant Krall and the chief of police. He sued all defendants in their individual and official capacities. He alleges that the chief of police and Lieutenant Krall have policies that encourage officers to use excessive force and that they failed to train officers on the use of force.

On screening, the court allowed Plaintiff to proceed with his claim of excessive force against the arresting officers: Keller, Ginchereau, Abdunko, Cleveland, and Hopkins, and with his official-capacity claims against Lieutenant Krall and the chief of police (but dismissed those defendants in their individual capacities). (Doc. # 3.) In addition, the court ordered the Clerk to issue summonses to the defendants and deliver them with a copy of the complaint to the U.S. Marshal for service. (*Id.*) Plaintiff was given twenty days to furnish the U.S. Marshal with the required forms, USM-285. If service was not accomplished, Plaintiff was advised that it was up to him to file a motion requesting that service be attempted again or whether some other manner should be utilized. (*Id.*) Plaintiff was further advised that service had to be accomplished within 120 days of the filing of the complaint. (*Id.*)

---

[2] As will be discussed below, the Clerk inadvertently terminated the action as to defendants Krall and the chief of police, even though the screening order allowed claims to proceed against them in their *official* but not individual capacities.

The complaint was formally filed on January 29, 2013. (Doc. # 4.) On the same date, the Clerk issued summonses as to defendants Abdunko, Cleveland, Ginchereau, Hopkins, and Keller. (Doc. # 5.)[3] The summonses and complaint were served on Suzanne Gurinskas, Police Assistant, on February 25, 2013, for defendants Abdunko, Ginchereau, Hopkins, Keller, and Cleveland. (Docs. # 6, # 7, # 8, # 9, and # 10.)

Defendants subsequently moved to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. # 11.) Defendants argue that the summonses and complaint were not served in accord with Nevada law because Ms. Gurinskas was not authorized to accept service on behalf of the City of Sparks, the Sparks Police Department or the individual defendant officers. (Doc. # 11 at 3-4, Doc. # 11-1 (Gurinskas Aff.).)[4]

## II. LEGAL STANDARD & DISCUSSION

Federal Rule of Civil Procedure 4 governs service of the summons and complaint and provides in pertinent part:

> **(c) Service.**
>   **(1) In general.** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> …
>   **(3) By a Marshal or Someone Specially Appointed.** At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.
> **…**
> **(e) Serving an Individual Within a Judicial District of the United States**.
> Unless federal law provides otherwise, an individual—other than a minor, an

---

[3] As noted in footnote 2, Krall and the chief of police were inadvertently terminated from the action; thus, no summons was issued with respect to these defendants.

[4] Defendants do not mention the fact that Krall and the chief of police were inadvertently terminated from the action. Nor do they discuss the fact that for this reason, summonses were never issued for these defendants.

incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
    **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
    **(2)** doing any of the following:
        **(A)** delivering a copy of the summons and of the complaint to the individual personally;
        **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
        **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
…
**(j) Serving a Foreign, State, or Local Government.**
…
    **(2) State or Local Government**. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
        **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
        **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.
…
**(m) Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period...

Fed. R. Civ. P. 4(c), (e), (j), (m).

On screening, the court ordered the Clerk to issue summonses to the named defendants against whom Plaintiff was allowed to proceed for service by the United States Marshal's Office as a result of his in forma pauperis status pursuant to Rule 4(c)(3). (*See* Doc. # 3.) It appears that the Clerk inadvertently only issued summonses as to defendants Keller, Ginchereau, Abdunko, Cleveland, and Hopkins. While defendants Krall and the chief of police were dismissed in their *individual* capacity, the court allowed Plaintiff to proceed against them in their *official* capacity; however, the Clerk's office appears to have mistakenly terminated these two defendants from the

action altogether. Therefore, the summonses were never issued as to these defendants, through no fault of Plaintiff.

In addition, with respect to defendants Keller, Ginchereau, Abdunko, Cleveland and Hopkins, the USM-285 forms were returned showing that these defendants were served on February 25, 2013. (*See* Docs. # 6, # 7, # 8, # 9 and # 10.) Therefore, Plaintiff likely assumed these defendants had been properly served, until the instant motion was filed on April 18, 2013, asserting that service was improper because Ms. Gurinskas was not authorized under Nevada law to accept service on behalf of the City of Sparks, Sparks Police Department or the individual officer defendants.

Under these circumstances, it seems that good cause may exist for Plaintiff's failure to timely serve each of the Defendants under Rule 4(m); however, the court is concerned that Plaintiff did not bother to respond to Defendants' motion. Therefore, the court recommends the following: (1) the Clerk be directed to correct the termination of defendants Krall and the chief of police to reflect that the case is allowed to proceed against those defendants in their official capacity; (2) Defendants' motion be denied without prejudice; (3) Plaintiff be granted thirty days within which to file a motion to properly effectuate service on each of the defendants; and (4) should Plaintiff fail to file a motion, permit Defendants to renew their motion to dismiss.

///
///
///
///
///
///

5

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING WITHOUT PREJUDICE** Defendants' motion to dismiss (Doc. # 11) and: (1) directing the **CLERK** to correct the termination of defendants Krall and the chief of police to reflect that the case is allowed to proceed against those defendants in their *official* capacity as noted in the screening order (Doc. # 3); (2) granting Plaintiff **thirty days** within which to file a motion to properly effectuate service on each of the defendants; and (3) should Plaintiff fail to file a motion, permit Defendants to renew their motion to dismiss.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED:   November 13, 2013.

　

　

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**