UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JESSIE J. MORAN, | ) | 3:12-cv-00492-LRH-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | April 28, 2015 |
| CHIEF OF POLICE SPARKS, *et al.*, | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>             FTR             </u>

COUNSEL FOR PLAINTIFF:  <u>  None appearing                                      </u>

COUNSEL FOR DEFENDANTS:  <u>  Douglas R. Thornley                              </u>

**MINUTES OF PROCEEDINGS: Status Conference**

10:16 a.m.  Court convenes.

The court is advised by the courtroom deputy that Plaintiff Jessie Moran is not able to participate in today's hearing because Southern Desert Correctional Center ("SDCC") is experiencing power outages, which require the inmates to remain in their cells until power is regained throughout the facility.  The court decides to continue with today's hearing to address Plaintiff's letter requesting case status (Doc. # 44) and to make certain administrative rulings regarding Defendants' motion for summary judgment (Doc. # 42).

After reviewing the case, the court makes several observations.  The first is that on October 23, 2104,  Defendants filed their motion for summary judgment (Doc. # 42) and served Plaintiff with the motion on him at his SDCC address.  However, no action has since been taken by Plaintiff with respect to the motion other than apparently submitting a letter dated April 13, 2015 (Doc. # 44), to the court requesting a status check.  Defendants' counsel states for the record, however, that Plaintiff had also mailed a letter to Sparks City Attorney's Office from his SDCC address approximately two weeks after Defendants had served the motion for summary judgment.  Mr. Thornley indicates Plaintiff's letter inquired whether Defendants would consider settling the matter.  Mr. Thornley stated the Defendants chose not to entertain the subject of settlement because the recent submission of their motion for summary judgment (Doc. # 42).

Minutes of Procedings
3:12-cv-00492-LRH-WGC
April 28, 2014

      The next observation the court makes is Plaintiff has never updated the court with his current residence, which is required pursuant to LSR 2-2. The court explains that because Plaintiff failed to file any change of address since moving to SDCC, the minute order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to Defendants' motion for summary judgment (Doc. # 43) was evidently served on Plaintiff at his previous address (Stewart Conservation Camp). The court indicates because the *Klingele-Rand* minute order was mailed to what now appears to have been Plaintiff's former address, it was likely Plaintiff may have not have received the *Klingele-Rand* minute order after Defendants' summary judgment motion was filed. Therefore, the court expresses concern Plaintiff may have never been properly notified or advised of his obligation to respond to the Defendants' potentially dispositive motion.

      Based upon the representations of Defendants' counsel and confirmed by Plaintiff's letter sent to the court (Doc. # 44), the court directs that the docket shall reflect Plaintiff's current address as being Southern Desert Correctional Center, P.O. Box 208, Indian Springs, NV 89070. The courtroom deputy confirms Plaintiff's address has been updated.

      After addressing the court's observations and the irregular delays that have occurred in this matter, the court finds it appropriate to **DISMISS WITHOUT PREJUDICE** the Defendants' motion for summary judgment (Doc. # 42) and orders that the motion be administratively re-filed as of 4/29/2015. The court further finds the Defendants properly served the motion for summary judgment on Plaintiff in October of 2014. Therefore, neither the clerk nor the Defendants need to re-serve the motion for summary judgment. However, the clerk is instructed to re-serve the standard minute order filed by the court regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* and to also serve these minutes upon Plaintiff at the SDCC address. Plaintiff is advised to be aware of the time limits allowed to respond to the Defendants' motion for summary judgment pursuant to the *Klingele-Rand* minute order.

      Mr. Thornley confirms there are no further matters to address at this time; court adjourns at 10:24 a.m.

**IT IS SO ORDERED**.

                                                   LANCE S. WILSON, CLERK

                                                   By: _____/s/_____
                                                       Katie Lynn Ogden, Deputy Clerk